THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. WILLIAM M. RANSOM.

No. 8187.

1. CARRIERS — *Collision — Injury to Passenger.* R., a passenger on the Chicago, Kansas & Western railroad, was injured by a collision with a train on the Missouri Pacific railway at a crossing of said roads. *Held,* That the Chicago, Kansas & Western Railroad Company is not relieved from liability for the injury by the fact that the employees of the Missouri Pacific Railway Company were negligent, or even more negligent than the employees of the Chicago, Kansas & Western Railroad Company, in causing a collision, where it appears that, by the exercise of that measure of care and diligence which a railroad company owes to a passenger, the employees of the Chicago, Kansas & Western Railroad Company could have avoided the injury to the plaintiff.

2. RULES *as to Management of Trains—Evidence.* The rules promulgated by the board of railroad commissioners governing the management of railroad trains where railroads cross each other at grade are not admissible in evidence until it is shown that they have been served upon or brought to the knowledge of the company against which they are offered in evidence.

*Error from Osage District Court.*

THIS action was brought by William M. Ransom against The Chicago, Kansas & Western Railroad Company and The Missouri Pacific Railway Company to recover damages for injuries received by him while a passenger on the Chicago, Kansas & Western, at the intersection of the roads at Osage City. The negligence charged is that the employees of the defendants

"carelessly, negligently and unskilfully managed and controlled said engines and cars so owned and operated by said defendants as aforesaid, by failing, neglecting and refusing to bring the said engines and cars of which they had such control, as aforesaid, to a stop, before attempting to go with their said engines and cars over and across the said track of the other said defendant, but the said agents, servants and employees of each of said defendants so in charge of said engines and cars as aforesaid carelessly, negligently and improperly kept the engines and cars of which they had control as aforesaid in motion, and attempted to pass or make the crossing each ahead of or before the other ; that, as a result of the careless, negligent and unskilful management of the defendant's trains of engine and cars by their said agents, servants and employees as aforesaid, the train upon which the plaintiff was riding as aforesaid, which said train was going south, and the train of cars and engine of the defendant The Missouri Pacific Railway Company, which said train was going east, ran with great force and violence into and against each other, causing the car on which plaintiff was riding to be thrown from the track. . . ."

The train on which the plaintiff was riding consisted of an engine, tender, one or two freight-cars, and a combination baggage- and passenger-car. It came from Quenemo, and was going south on the main line of the Santa Fe. The train on the Missouri Pacific consisted of about 15 freight-cars loaded with cattle. The testimony as to the management of the trains on the two roads is quite conflicting. In answer to special questions, the jury found that the train of the plaintiff in error came to a full stop about 200 feet from the crossing, and gave the signal with the whistle, indicating the intention of the engineer to cross; that this train was in plain view of a person on the engine of the Missouri Pacific train; that the engineer on the Missouri Pacific train gave the signal for the crossing, and that his train was in motion after having made its stop for the crossing, but no person on the train heard any signal from the Chicago, Kansas & Western train; that his engine was about 120 feet from the crossing before he discovered the approach of the train on the other road; that he then reversed his engine and tried to stop the train; that the persons in the management of the Chicago, Kansas & Western train did not hear the signal from the Missouri Pacific engine; that the engineer increased the speed of his train on seeing the approach of the Missouri Pacific train. The concluding findings are as follows :

"30. Did the engineer and fireman in charge of the engine on the Chicago, Kansas & Western Railroad Company's train see the train on the Missouri Pacific railroad approaching the crossing at the time it came to a stop 200 feet north of the crossing, and was the train of the Missouri Pacific Railway Company then in motion toward and approaching the crossing? A. Yes.

36—56 KAS.

"31. Did the engineer in charge of the engine on the Chicago, Kansas & Western railroad see the Missouri Pacific train approaching the crossing, and start his engine forward, pulling his train upon the crossing, and, did he pull his train upon the crossing seeing the Missouri Pacific train moving toward the crossing, and only a short distance away, and could he have stopped his train with safety to the passengers after seeing the Missouri Pacific train was coming for the crossing, and thus have avoided the collision between the trains? A. Yes.

"32. Did the engineer in charge of the engine on the Chicago, Kansas & Western railroad, seeing the Missouri Pacific train approaching the crossing with the evident intention of crossing, attempt to stop his train to avoid collision at said crossing? A. No.

"33. Could the engineer in charge of the engine pulling the train on the Chicago, Kansas & Western railroad, after seeing the Missouri Pacific train was approaching the crossing with the intention of crossing, have stopped his engine and train with safety to the passengers, and thereby avoided the collision with the Missouri Pacific train at said crossing? A. No.

"34. Could the engineer in charge of the engine on the Chicago, Kansas & Western railroad have stopped his train at the speed it was going just before arriving at the crossing within the distance of 30 feet? A. Yes."

A general verdict was rendered against both companies for $2,500, on which judgment was entered. The Chicago, Kansas & Western Railroad Company brings the case here, alleging error. The opinion herein was filed March 7, 1896.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for plaintiff in error.

*Robert C. Heizer,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: I. The principal contention for the plaintiff in error is that the train on its road, being a mixed freight- and passenger-train, on the older road, and within its yard limits, was entitled to take the crossing ahead of the freight-train on the Missouri Pacific road; that the engineer brought his train to a full stop at the proper distance from the crossing, gave the customary signal, and started forward, assuming that the persons in charge of the Missouri Pacific train would concede his right to make the crossing first; that the engineer and other employees of the plaintiff in error performed all their duties; that the injury is chargeable solely to the neglect of the employees of the Missouri Pacific company, and that it alone is liable for the plaintiff's injuries. The fallacy of the position of counsel lies in the assumption that the employes of the plaintiff in error had performed their full duty to passengers on their train when they had done everything necessary to entitle them to go ahead over the crossing in advance of the train on the other road, and were absolved thereafter from all duty to look after the safety of the passengers. Persons charged with the conduct of a train carrying passengers are not so lightly relieved of responsibility. No such easy limits to their care can be allowed. It is clear, even from the testimony of the witnesses introduced by the plaintiff in error, that the train on the Missouri Pacific road was in motion at the time the train of the Chicago, Kansas & Western started toward the crossing, and that it did not stop until the collision occurred. This is not a case between the two companies to recover damages to property of one from the other. In such an action,

doubtless, the party most at fault could not recover from the other; but in an action by a passenger, it is no defense for one of the defendants to show merely that the fault of the other exceeded its own. It may be freely conceded that the employees of the Missouri Pacific company were negligent, or even more negligent than those of the Chicago, Kansas & Western, without even interposing a serious obstacle in the way of plaintiff's recovery against both companies. The jury may have regarded it as a want of that high degree of care due to a passenger for the engineer of the Chicago, Kansas & Western to start toward the crossing when he saw another train in motion toward it, and that he should have waited until he saw that they actually did what he assumed they would do — come to a full stop. They may, and doubtless did, regard it as the duty of the engineer, in case he saw fit to start toward the crossing, to keep close watch of the Missouri Pacific train, and to have stopped his train unless it was clear that he could pass the crossing in safety. None of the special findings negative either of these propositions. The fallacy of the chief contention on behalf of the plaintiff in error being perceived, its special claims are easily disposed of. The petition charges more than a failure to stop. It charges negligence on the part of those in management of both trains in each attempting to cross ahead of the other, and we think fairly includes their whole conduct in the matter. This case does not rest on a mere presumption of negligence, arising from the fact that a passenger was injured by a collision, but on testimony clearly showing a want of that measure of care due to a passenger. It rests on actual proof of negligence, not because the engineer failed to back his train off the track, as counsel suggest, but because he ran

his train into a danger he ought to have foreseen and avoided.

II. Error is assigned on the ruling of the court excluding the rules made by the board of railroad commissioners governing the movements of trains at crossings.  We shall assume, though without deciding the question, that the board of commissioners had the power to make such rules, and that the companies, when properly notified of them, would be bound to obey them ; yet we think the ruling of the court, that it was incumbent on the party offering them to first show that the Missouri Pacific Railway Company had been served with a copy of them, or in some manner informed of their provisions, was correct.   No attempt was made to make any such showing.   The letter by the secretary of the board to the first vice-president of the Missouri Pacific company, informing him of permission granted to another railroad to omit stopping one of its trains at a certain point, is clearly not equivalent to a service of the rules on the company.   These rules were in fact afterward admitted in evidence as a part of the rules governing the employees on the trains of the plaintiff in error.   We think there was no error in the ruling of the court.

The other claims of error in the admission and rejection of evidence are without force.   The error assigned on the instructions is, in substance, the main contention already disposed of, and rests on the claim that the employees of the company might abate their watchfulness, and safely rest on the presumption that the employees of the other company would do everything their duty required them to do.   Under the testimony, there is no force in the claim that the damages awarded are excessive.

The judgment is affirmed:

JOHNSTON, J., concurring.

MARTIN, C. J., having been of counsel, did not sit.